**NOT FOR CITATION**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

WILLIAM J. WHITSITT,

        Plaintiff,               No. C 04-2476 PJH

    v.                        **ORDER**

JIM KROHOMER, et al.,

        Defendants.

_____/

      Defendants' motion to dismiss and plaintiff's motion for summary judgment came on for hearing on August 17, 2005 before this court.  Defendants appeared through their counsel, Patricia Shepherd, and plaintiff Whitsitt appeared pro per.  Having read all submitted papers and carefully considered the relevant legal authority, the court rules as follows.[1]

## BACKGROUND

      Pro per and IFP plaintiff Whitsitt was laid off by defendant BK Mill and Fixtures.  Whitsitt now sues BK Mill and Fixtures; his former boss Jim Korhummel (sued under the name "Jim Krohomer" and "Jim Kruhommer"); two other employees, Sandra Barclay and Pete Duranleau; and another company, Installit, Inc.  Originally, the complaint stated claims  for age discrimination and harassment under the ADEA, wrongful discharge in violation of public policy, retaliation, violation of the Administrative Procedures Act and plaintiff's procedural due process rights, slander, and conspiracy.

      Defendants conceded that Whitsitt's ADEA and wrongful discharge claims properly stated a claim, and that Whitsitt had properly stated a claim for retaliation against Korhummel and Duranleau.  Defendants moved to dismiss the remainder of Whitsitt's claims.

---

[1]    Pursuant to Civ. L.R. 7-13, this order may not be cited except as provided by Civ. L. R. 3-4(e).

United States District Court

For the Northern District of California

1    On January 6, 2005, the court dismissed all claims against defendant Installit; all claims

2  of discrimination and wrongful termination in violation of public policy as to all the individual

3  defendants; all claims against Sandra Barclay; the procedural due process and Administrative

4  Procedures Act claims; the slander claims; and the conspiracy claims.  The claims against

5  Installit and the slander claim were dismissed with leave to amend, but all other claims were

6  dismissed with prejudice.  The court also denied Whitsitt's motion for summary judgment as

7  untimely and because it was not properly noticed under the Local Rules, and informed Whitsitt

8  that he could renew the motion only after discovery closed.

9    Whitsitt then appealed the decision to the Ninth Circuit, which dismissed the appeal for

10  lack of jurisdiction on April 26, 2005.  Whitsitt then filed a second amended complaint

11  ("SAC"), which realleged age discrimination and harassment under the ADEA, wrongful

12  discharge in violation of public policy, retaliation, violation of the Administrative Procedures

13  Act and his procedural due process rights, and added claims asserting violations of his equal

14  protection and Title VII rights.  Whitsitt did not renew his slander or conspiracy claims.

15    Defendants concede that the ADEA and wrongful discharge claims are valid as to BK

16  Mills and that the ADEA retaliation claim against Korhummel may proceed, but move to

17  dismiss all other claims in the SAC.  Defendants also move to strike certain statements from

18  the SAC.  Whitsitt in response renewed his motion for summary judgment.

**ANALYSIS**

20  A.    Legal Standard

21       1.    Motion to Dismiss

22    A court should dismiss a claim under Fed. R. Civ. P. 12(b)(6) for failure to state a claim

23  only where it appears beyond doubt that the plaintiff can prove no set of facts in support of the

24  claim which would entitle the plaintiff to relief.  See, e.g., Broam v. Brogan, 320 F.3d 1023,

25  1033 (9th Cir. 2003) (citations omitted).

26    At the hearing, Whitsitt argued that he was entitled to discovery before a motion to

27  dismiss could be filed.  However, in evaluating a motion to dismiss, all allegations of material

28  fact made in the complaint are taken as true and construed in the light most favorable to the

United States District Court
For the Northern District of California

1  nonmoving party.  Burgert v. Lokelani Bernice Pauahi Bishop Trust, 200 F.3d 661, 663 (9th

2  Cir. 2000) (citations omitted).  Extrinsic evidence submitted in support of a motion to dismiss

3  must be disregarded, Fed. R. Civ. P. 12(b), and therefore discovery is unnecessary.

4  　　　　　　　　2.　　　Motion to Strike

5  　　　　A motion to strike is brought under Fed. R. Civ. P. 12(f), and may be used to remove

6  insufficient defenses as well as "redundant, immaterial, impertinent, or scandalous matter" that

7  might otherwise prejudice a party.  See also, e.g., Fantasy, Inc. v. Fogerty, 984 F.2d 1524,

8  1527 (9th Cir. 1993), rev'd on other grounds, 510 U.S. 517 (1994).

9  　　　　B.　　　Previously-Dismissed Claims

10  　　　　Whitsitt argues that as a pro per, he is not bound by the legal standards that apply to

11  represented parties.  This is incorrect.  While the court construes Whitsitt's arguments as

12  liberally as possible given his pro per status, Whitsitt must still state a claim as a matter of law

13  and remains required to comply with the court's rulings.

14  　　　　Furthermore, Whitsitt claims that because he was granted leave to file an amended

15  complaint, he may refile any claims he wishes.  This is also incorrect.  The court's January 6,

16  2005 order specifically set forth the conditions under which Whitsitt could amend his

17  complaint, almost none of which Whitsitt has met.

18  　　　　　　　　1.　　　Procedural Due Process and APA Claims

19  　　　　Whitsitt's procedural due process and Administrative Procedures Act ("APA") claims

20  were previously dismissed with prejudice, because procedural due process claims only apply

21  to public employees and the APA applies only to public administrative agencies.  Jan. 6 Order

22  at 3, citing Merritt v. Mackey, 827 F.2d 1368, 1371 (9th Cir. 1987); 5 U.S.C. § 551 et seq.

23  Because BK Mills is neither a public employer nor a public administrative agency, Whitsitt

24  was not permitted to pursue these claims as a matter of law.  The motion to dismiss is thus

25  GRANTED, and the procedural due process and APA claims are again dismissed with

26  prejudice.

27  　　　　　　　　2.　　　Claims Against Individual Defendants

28  　　　　Similarly, the court held in January that the claims against the individual defendants for

3

United States District Court

For the Northern District of California

1  age discrimination and wrongful discharge in violation of public policy failed as a matter of law

2  and thus could not be repled, because individuals cannot be held liable for either cause of

3  action.  Jan. 6 Order at 2-3, citing Miller v. Maxwell's International, Inc., 991 F.2d 583, 587-88

4  (9th Cir. 1993); Jacobs v. Universal Development Corp., 53 Cal. App. 4th 692, 704 (1997).

5  The motion to dismiss the individual defendants as to these claims is again GRANTED.

6          C.      Exhaustion of Administrative Remedies

7          Before filing this lawsuit, Whitsitt properly filed an administrative claim with the EEOC.

8  In his administrative claim, Whitsitt claimed that Krohommer and BK Mills committed age

9  discrimination and retaliation.  Whitsitt mentions no other persons or companies.  SAC Exh.

10 B.[2]  Defendants now move to dismiss defendants Barclay and Duranleau on the grounds that

11 the ADEA claims against them are not exhausted.

12              1.      Legal Standard

13         Under either the ADEA or FEHA, a plaintiff may file a retaliation claim in court only after

14 administratively exhausting the claim.  This is a jurisdictional requirement.  See, e.g., Santa

15 Maria v. Pacific Bell, 202 F.3d 1170, 1176 (9th Cir. 2000) (ADEA);  Romano v. Rockwell Int'l,

16 Inc., 14 Cal. 4th 479, 492 (1996) (FEHA).

17         Under federal law, the district court has subject matter jurisdiction only over allegations

18 of discriminatory activity that either "fell within the scope of the EEOC's actual investigation or

19 an EEOC investigation which can reasonably be expected to grow out of the charge of

20 discrimination."  Freeman v. Oakland Unified Sch. Dist., 291 F.3d 632, 636 (9th Cir. 2002)

21 (citations omitted).  This is broader than the law under FEHA, where the individual defendant

22 must be specifically named in the EEOC claim for the claim to be considered exhausted.

23 Medix Ambulance Serv. Inc. v. Superior Court, 97 Cal.App. 4th 109. 115-18 (2002).

24              2.      Barclay and Duranleau

25         In the second amended complaint, Whitsitt now alleges that Barclay and Duranleau are

26

27         [2]      Defendants claim this is the first time they have seen Whitsitt's EEOC complaint.
28 However, the EEOC complaint was also attached to Whitsitt's original complaint, filed on June
   22, 2004.

4

**United States District Court**
For the Northern District of California

1   individually liable for retaliation.  Previously, Whitsitt had claimed that Duranleau alone was

2   individually liable for retaliation, and defendants did not move to dismiss that claim in the First

3   Amended Complaint.  However, the defendants now argue that the EEOC complaint does not

4   raise any claims as to Barclay or Duranleau for retaliation, and therefore the retaliation claims

5   against Barclay and Duranleau cannot now be asserted because they have not been

6   exhausted.

7        Defendants are correct that the EEOC complaint does not mention Barclay or

8   Duranleau at all.  SAC Exh. B.  Thus, the retaliation claim under FEHA has not been

9   exhausted.

10       Any claims against Barclay and Duranleau under the ADEA remain unexhausted as

11  well.  The complaint gives no factual allegations in support of the retaliation claim.  Id. (stating

12  only that he was fired "in retaliation for engaging in a protected activity").  It is not reasonable

13  to expect that the EEOC would have investigated Barclay or Duranleau in regards to their

14  alleged statements to the EDD, in light of the allegations in the EEOC complaint, which are

15  limited to Korhummel's involvement in laying Whitsitt off.  Thus, the ADEA claims against

16  Barclay and Duranleau for retaliation are not exhausted either.

17       In response, Whitsitt requests that the court take judicial notice of his response to the

18  EEOC's questionnaire, where he provided them with Barclay and Duranleau's names.

19  Evidence I Exh D (in response to question 8, Duranleau named as "Pete").  As an initial

20  matter, while the court may examine evidence in support of a motion to dismiss for lack of

21  subject matter jurisdiction, see White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000), this

22  document lacks sufficient indicia of reliability for the court to rely on it.  Not only is it not

23  authenticated, it is an unsigned, computer generated document and bears nothing more than

24  a footer stating that it is what Whitsitt claims it to be.  This document is thus inadmissible.  Cf.

25  Orr v. Bank of America, 285 F.3d 764, 773-74 (9th Cir. 2002).

26       Furthermore, even if the questionnaire answers were admissible, Whitsitt provides no

27  information as to what context Barclay and Duranleau's names were disclosed to the EEOC.

28  The document states only that their names were disclosed as answers to "question 8," and

United States District Court

For the Northern District of California

1   does not even state what the question was.  Whitsitt Evidence I Exh. D at 4.  In addition, this

2   document reiterates that Jim Korhummel ("Jim K")'s actions were the only basis for Whitsitt's

3   retaliation claim.  Id. at 3.  There are no statements in any of the records provided to the court

4   that reflect that the EEOC was made aware of Whitsitt's claims that Barclay and Duranleau

5   retaliated against him.  Therefore, the motion to dismiss the retaliation claims against Barclay

6   and Duranleau for failure to exhaust is GRANTED, under both the ADEA and FEHA.

7         D.     Equal Protection

8         The court construes Whitsitt's claim for violations of the "Equal Rights Act" as a claim

9   for violation of his equal protection rights under the Fourteenth Amendment and 42 U.S.C. §

10  1983.  However, a Fourteenth Amendment claim can only be asserted against a party

11  deemed to be acting under color of state law.  See, e.g., Lee v. Katz, 276 F.3d 550, 553 (9th

12  Cir. 2002).  Here, all defendants are private actors, and Whitsitt raises no allegations of state

13  action in the complaint.  Therefore, no Fourteenth Amendment claim exists, and the motion to

14  dismiss the equal protection claim is GRANTED.

15        E.     Title VII

16        Whitsitt next claims a violation of Title VII, alleging that Title VII is identical to the ADEA.

17  While the two statutes are often interpreted similarly, Title VII deals with race, color, sex,

18  religion, and national origin discrimination, while the ADEA deals exclusively with age

19  discrimination.  Compare 42 U.S.C. § 2000e (Title VII) with 29 U.S.C. § 621-634 (ADEA).

20  Whitsitt here has only alleged age discrimination.  The Title VII claims are thus inapplicable

21  and the Title VII claims are dismissed.

22        In any event, even if Whitsitt were to attempt to allege facts showing discrimination on

23  the bases covered by Title VII, those claims were not raised before the EEOC, SAC Exh. B,

24  and would thus be dismissed as unexhausted.

25        The Title VII claims are thus DISMISSED.

26        F.     Installit

27        Defendants are correct that the SAC contains no allegations as to Installit.  Previously,

28  the court specifically informed Whitsitt that in order to state a claim against Installit in any

1   amended complaint, he was required to allege facts describing who Installit is and the nature

2   of the actions taken against him.  Jan. 6 Order at 2.

3           Whitsitt failed to make any such allegations in the SAC.  At the hearing, though, Whitsitt

4   appeared to argue that Installit was an alter ego of BK Mills and therefore all the asserted

5   claims against BK Mills should be considered asserted against Installit as well.  In deference

6   to Whitsitt's pro per status, the court will deem Whitsitt's statement as a motion to amend the

7   complaint to add those allegations as to Installit, which is GRANTED.

8           However, the only claim that may be asserted against Installit is the claim for wrongful

9   discharge.  Because Whitsitt failed to name Installit in the EEOC charge or make any

10  allegations that would make it reasonably likely that an EEOC investigation would have

11  reached Installit, <u>Freeman</u>, 291 F.3d at 636 (citations omitted), any ADEA or FEHA claims

12  against Installit are unexhausted and thus must be dismissed.  The remainder of the causes of

13  action, other than the wrongful discharge claims, have also been dismissed, as discussed

14  above.  Thus, the only viable claim against Installit is the wrongful discharge claim.  The motion

15  to dismiss Installit is thus GRANTED IN PART and DENIED IN PART.

16          G.      Statements to the EDD

17          Defendants also move to strike any allegations of retaliation that are based on

18  statements made to the EDD, on the grounds that the court has already held that those

19  statements are absolutely privileged under Cal. Civ. Code § 47(b) and therefore cannot form

20  the basis of any claim for liability.  <u>See</u> Jan. 6 Order at 3, <u>citing</u> <u>Williams v. Taylor</u>, 129 Cal.

21  App.3d 745, 754 (1982).

22          Statements that cannot form the basis of a liability claim under Cal. Civ. Code § 47(b),

23  may nonetheless be admitted into evidence to reflect state of mind.  <u>Oren Royal Oaks Venture</u>

24  <u>v. Greenberg, Bernhard, Weiss & Karma</u>, 42 Cal.3d 1157, 1168 (1986) clarifies that while

25  Cal. Civ. Code § 47(b) serves as a limitation on liability, it does not exclude the use of the

26  statements at issue in evidence.  "Thus, while section 47(2) [now 47(b)] bars certain tort

27  causes of action which are predicated on a judicial statement or publication itself, the section

28  does not create an evidentiary privilege for such statements."  Thus, the request to strike the

United States District Court

For the Northern District of California

7

**United States District Court**

For the Northern District of California

1    allegations concerning statements made to the EDD is DENIED, and those statements may

2    be admitted insofar as they are relevant to the remaining claims.

3         H.      Miscellaneous Matters

4            1.      Court Reporter

5         Whitsitt indicates in his opposition that he plans to request a copy of the transcript of

6    the Jan. 5, 2005 hearing, which he failed to attend.  He is welcome to do so, through the court

7    reporter, but he should note that simply being granted IFP status does not entitle him to a

8    transcript of district court proceedings at no cost.  IFP status permits him to file his complaint

9    without filing a fee, and entitles him to service of the complaint by the U.S. Marshals, and

10    certain other benefits.  28 U.S.C. § 1915(a), (c) (IFP plaintiff entitled to free copy of the record

11    on appeal and transcripts of appearances before magistrate judges only).  It does not confer

12    on Whitsitt any additional benefits, such as a free copy of the hearing transcript.

13            2.      Motion to Disqualify Counsel and Recuse Judge

14         Whitsitt indicates in his opposition brief that he may allege a conflict of interest on

15    defendants' counsel's part, and also that he may move to recuse the undersigned judge.  If

16    Whitsitt chooses to raise these issues, the way to do so is by filing a properly-noticed motion

17    to disqualify and/or a motion to recuse.

18         I.       Summary Judgment

19         Finally, Whitsitt moves again for summary judgment.  As previously indicated, Whitsitt

20    may not file a motion for summary judgment until discovery has closed.  Jan. 6 Order at 4.  In

21    any event, it is inappropriate to move for summary judgment based on defendants' failure to

22    file an answer in response to the second amended complaint, because filing a motion to

23    dismiss is a permissible response to an amended complaint and does not waive any of the

24    defendants' rights.  See Fed. R. Civ. P. 12.

25         At the hearing, Whitsitt argued that he was only required to give 10 days notice to the

26    defendants for the filing of a summary judgment motion.  While it is true that Fed. R. Civ. P. 56

27    requires only 10 days notice, this rule has been superseded in this district by the court's local

28    rules, which require a minimum of 35 days notice for the filing of any motion.  Civ. L. R. 7-2.

**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CONCLUSION**

Defendants' motion to dismiss is GRANTED IN PART and DENIED IN PART.  The motion to dismiss the procedural due process claims, the APA claims, the equal protection claims, and the Title VII claims is GRANTED.  The motion to dismiss all individual defendants from the ADEA and wrongful discharge claims is GRANTED.  The motion to dismiss the ADEA retaliation claims against defendants Barclay and Duranleau is GRANTED.

The court deems Whitsitt to have moved to amend his complaint to add his allegations of alter ego liability for Installit, and GRANTS the request.  The motion to dismiss Installit is GRANTED IN PART and DENIED IN PART.  All claims against Installit are DISMISSED, except for the wrongful discharge claim.

Defendants' motion to strike the allegations of statements made to the EDD is DENIED.

Whitsitt's motion for summary judgment is again DENIED WITHOUT PREJUDICE to its refiling after discovery has closed.

No further amended complaints may be filed.  Within 30 days of the filing of this order, defendants shall file a response to the remaining claims at issue in the SAC.  Defendants shall deem the complaint to allege a wrongful discharge claim against Installit as well.  The parties shall appear for case management conference on September 15, 2005 at 2:30 p.m.

This order fully adjudicates the matters listed at nos. 42 and 45 on the clerk's docket for this case.

**IT IS SO ORDERED.**

Dated: August 22, 2005

_____
PHYLLIS J. HAMILTON
United States District Judge

9